PATRICK L. FORTE, #80050
ANNE Y. SHIAU, #273709
LAW OFFICES OF PATRICK L. FORTE
One Kaiser Plaza, #480
Oakland, CA 94612
Telephone: (510) 465-3328
Facsimile: (510) 763-8354

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                    Case No. 13-42844 WJL

**NEMA FLORES LINTAG,**                   Chapter 13

        **Debtor.**              DEBTOR'S OPPOSITION TO
                                          TRUSTEE'S OBJECTION TO CLAIM
_____/          #8 AND REQUEST FOR HEARING

    Debtor Nema Flores Lintag ("Debtor") hereby opposes the Objection to Claim #8 filed on December 24, 2013 as docket #31 by the Martha G. Bronitsky, Chapter 13 Trustee ("Trustee").

### I. STATEMENT OF FACTS

    1.  On May 14, 2013, Debtor filed her bankruptcy petition.

    2.  On August 28, 2013, Debtor filed her third amended chapter 13 plan, which proposed to value the security of Matco Tools at $1,000.00 pursuant to §506 and pay it through the plan as a secured claim.  The plan was confirmed on October 16, 2013.

3. On November 27, 2013, Debtor filed a proof of claim as claim #8 on behalf of Matco Tools after realizing that Matco had not filed their proof of claim.

4. On December 24, 2013, the Trustee filed an Objection to Claim #8 filed by the Debtor on behalf of Matco because the claim was not timely filed.

## II. ARGUMENT

While the claim filed by Debtor on behalf of Matco was not filed timely pursuant to Bankruptcy Rule 3002(c), Debtor respectfully requests that the court allow the secured claim to be paid per the confirmed Chapter 13 Plan. The Trustee previously allowed late filed claims as long as they were filed by the Debtor. Our office was unaware of any change in policy. Allowing the claim will not unduly prejudice any of the other creditors. By filing the claim on the creditor's behalf, the debtor expressly waives the issue of timeliness. No refunds will need to be sought in order to pay the claim. The result will be nothing different than what they initially expected, as the intention to pay Matco was already previously stated in the confirmed plan.

As such, Debtor requests a hearing date after February 15, 2014 and that the court overrule the Trustee's Objection and allow the claim filed by Debtor on behalf of Matco.

Dated: February 7, 2014        /s/     Patrick L. Forte
                                PATRICK L. FORTE
                                Attorney for Debtor